J-A29030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDITH HANNIGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 489 WDA 2021 |

Appeal from the Order Entered January 8, 2021
In the Court of Common Pleas of Cambria County Civil Division at No(s):
3033-2020

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:**FILED: January 20, 2022**

I respectfully dissent.  I would reverse the order finding Semelsberger in indirect criminal contempt and vacate his judgment of sentence for that offense.

In my view, the evidence was insufficient to sustain the trial court's finding that Semelsberger violated the PFA order.  The Commonwealth established only that the call log on Ms. Nave's cell phone showed one missed call from Semelsberger's phone number, and that Semelsberger had called and left several voicemails on Ms. Nave's daughter's phone.  Ms. Nave's daughter, who is Semelsberger's granddaughter, is not a protected party under the PFA order.  Ms. Nave testified that the voicemail messages left by Semelsberger on her daughter's phone were not about her.  ***See*** N.T. Hearing,

_____

[*] Retired Senior Judge assigned to the Superior Court.

1/18/21, at 15, 16. Instead, Semelsberger contacted his granddaughter about birthday gifts he wanted to give her. *Id.* at 15, 19. Semelsberger admitted that he called Ms. Nave's daughter, but adamantly denied calling Ms. Nave. *Id.* at 19.

The Majority concludes that "the Commonwealth presented sufficient evidence to prove that Semelsberger intentionally called Nave to be in contact with her notwithstanding the PFA order." Majority Memorandum at 5. I disagree. Just because a call was made to Ms. Nave's phone from Semelsberger's number does not prove that Semelsberger was the person who made that call, or that he did so intentionally, rather than accidentally. Had Semelsberger left Ms. Nave a voicemail, called her more than one time, or said anything about Ms. Nave in his voicemails to his granddaughter, I would have no hesitation in concluding the evidence was sufficient. However, I cannot say that the Commonwealth met its burden of proving, beyond a reasonable doubt, that Semelsberger intentionally violated the PFA order based only on a screen shot of a single call from his number on Ms. Nave's phone log. Accordingly, I dissent.